AO 245D (Rev. 12/07)  Sheet 1 - Judgment in a Criminal Case for Revocation

# United States District Court
## Southern District of Ohio at Columbus

UNITED STATES OF AMERICA

v.

**TERRONE D. REAVISH**

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)

Criminal Number:        **2:93-CR-67(2)**

USM Number:

DENNIS BELLI
Defendant's Attorney

## THE DEFENDANT:

[✔]     admitted guilt to violation of condition(s) SPECIAL CONDITION 1 AND STANDARD CONDITION 3  of the term of supervision.

[ ]     was found in violation of condition(s) ___ after denial or guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| Special Condition 1 | Defendant failed to successfully complete Term at the Alvis House | 10/28/15 |
| Condition 3 | Failed to submit monthly report forms | 10/02/15 |

The defendant is sentenced as provided in pages 2 through  4  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]     The defendant has not violated condition(s)  ___ and is discharged as to such violation(s) condition.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:

Defendant's Year of Birth:

City and State of Defendant's Residence
**In custody**

January 27, 2016
Date of Imposition of Sentence

*s/George C. Smith*

Signature of Judicial Officer

 **GEORGE C. SMITH**, United States Senior District Judge
Name & Title of Judicial Officer

January 27, 2016

Date

AO 245D (Rev. 12/07)  Sheet 2 - Imprisonment

CASE NUMBER:        2:93-CR-67(2)                                          Judgment - Page 2  of  4
DEFENDANT:          TERRONE D. REAVISH

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **4 months.**


[X]    The court makes the following recommendations to the Bureau of Prisons:
       THE DEFENDANT BE DESIGNATED TO THE FRANKLIN COUNTY JAIL FOR SERVICE OF HIS SENTENCE
       REMAINING.


[✔]    The defendant is remanded to the custody of the United States Marshal.


[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.


[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before 2:00 p.m. on _____.
       [ ] as notified by the United States Marshal but no sooner than
       [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

        Defendant delivered on_____  to  _____

at _____ , with a certified copy of this judgment.


                                                      _____
                                                      UNITED STATES MARSHAL

                                              By      _____
                                                      Deputy U.S.  Marshal

AO 245D (Rev. 09/11)  Sheet 3 - Supervised Release

CASE NUMBER:       2:93-CR-67(2)                                                    Judgment - Page 3  of  4
DEFENDANT:         TERRONE D. REAVISH

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of NO FURTHER SUPERVISED RELEASE IMPOSED .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

[ ]       The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[ ]       The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[ ]       The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]       The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]       The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without permission of the court or probation officer;
2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)   the defendant shall support his or her dependants and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D (Rev. 09/11)  Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 2:93-CR-67(2) | Judgment - Page 4 of 4 |
| DEFENDANT: | TERRONE D. REAVISH | |

## JUSTIFICATION

As justification, the Court notes that this is Defendant's second revocation and that Defendant tested positive for marijuana when he reported to the Alvis House.  The Court does note that Defendant left Alvis House in order to maintain good standing with his employer and was upset that Alvis did not communicate to him that he could not work third shift.  The Court also notes that Defendant planned to voluntarily surrender and that Defendant was working a steady job and providing for others before he was arrested on these charges.  Defendant's violations constitute Grade C supervised release violations.  Combined with his criminal history, category II, the advisory guideline range is 3–9 months.  The Court has considered all the factors set forth in § 3553.